

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CALVARY BAPTIST TEMPLE, )
)
    Plaintiff, )
)
v. ) CASE NO. CV410-194
)
CHURCH MORTGAGE ACCEPTANCE )
COMPANY, LLC; COLUMBUS NOVA )
COMMERCIAL REAL ESTATE )
ACQUISITION GROUP LLC; and )
COLUMBUS NOVA COMMERCIAL )
MORTGAGE SERVICING LLC; )
)
)
    Defendants. )
)

## O R D E R

Before the Court is the Report and Recommendation of the Bankruptcy Judge, which recommends that this Court assume jurisdiction of this procedurally improper removal action only to remand these claims to the Superior Court of Chatham County, Georgia through the exercise of mandatory or, alternatively, discretionary abstention. (Doc. 1.) After a careful de novo review and over the objections of Defendants (Doc. 8), the Court concurs with the Bankruptcy Judge's Report and Recommendation, which is **ADOPTED IN PART** as the order of this Court.

### BACKGROUND

Plaintiff is also a debtor in its Chapter 11 bankruptcy matter, which was filed on April 6, 2010 in this district. (Doc. 1 at 5.) On February 25, 2010 (Doc. 1 at 4), Plaintiff

filed a lawsuit in the Superior Court of Chatham County, Georgia, which has since been splintered into no less than three separate suits. By operation of the particular removal statute employed and the election of one defendant in the state court action, at least a portion of this case remains pending against Commonwealth Church Finance, Inc. in the originating court. (Doc. 1 at 12.)

Additionally, two cases have been opened on the docket of this Court as a result of two separate removal events by parties to the state court action. Defendants Church Mortgage Acceptance Company, LLC, Columbus Nova Commercial Real Estate Acquisition Group LLC, and Columbus Nova Commercial Mortgage Servicing LLC ("Removing Defendants") filed their notice of removal on May 26, 2010, which resulted in this case. (Doc. 1 at 4.) Another defendant in the state court suit, Reliance Trust Company, filed its notice of removal on June 23, 2010, similarly resulting in a separate federal civil action and Report and Recommendation of the Bankruptcy Judge. (CV410-209, Doc. 1 at 5.)

### ANALYSIS

The removal of claims related to bankruptcy cases is controlled by 28 U.S.C. § 1452, which states, in part, that,

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's

2

> police or regulatory power, **to the district court** for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a) (emphasis added). As the Bankruptcy Judge noted, Courts disagree over whether the emphasized portion of the statute requires removal only to the district court for referral to the bankruptcy court or, instead, allows removal directly to the bankruptcy court. (Doc. 1 at 6-8.) The Court need not decide this issue, and no party has argued that this Court is without jurisdiction to rule on Plaintiff's Motion to Remand. Consistent with the Bankruptcy Judge's report and recommendation, the Court finds that a remand on merely procedural grounds would be a "waste of judicial resources" and likely result in a second notice of removal to the district court, automatic referral to the bankruptcy court, and a substantially similar and duplicative order by this or the bankruptcy court. (Doc. 1 at 8-9.) Accordingly, this Court assumes jurisdiction of this improperly removed action solely for the purpose of Plaintiff's Motion to Remand.

On the issue of remand, the Bankruptcy Judge recommends that this court remand this case because of mandatory abstention pursuant to 28 U.S.C. § 1334(c)(2) or, alternatively, discretionary abstention under 28 U.S.C. § 1334(c)(1). Because the disposition of this motion and action can be determined by discretionary abstention alone, the other ground for remand need

3

not be addressed. Discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is permitted if abstention is "in the interest of justice, or in the interest of comity with State courts or respect for State law." Id. The Southern District of Georgia applies a fourteen factor test to determine whether discretionary abstention is appropriate. These factors are

(1) the effect of abstention on the efficient administration of the bankruptcy estate;

(2) the extent to which state law issues predominate over bankruptcy issues;

(3) the difficulty or unsettled nature of the applicable law;

(4) the presence of a related proceeding commenced in state court or other non-bankruptcy court;

(5) the basis of bankruptcy jurisdiction, if any, other than 28 U.S.C. § 1334;

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7) the substance rather than form of an asserted "core" proceeding;

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9) the burden [on] the bankruptcy court's docket;

(10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

(11) the existence of a right to a jury trial;

(12) the presence in the proceeding of non-debtor parties;

4

(13) comity; and

(14) the possibility of prejudice to other parties in the action.

Rayonier Wood Prods., L.L.C. v. ScanWare, Inc., 420 B.R. 915, 920 (S.D. Ga. 2009).

Consistent with the bankruptcy court, this Court finds that the second, fourth, and eleventh factors strongly favor the exercise of discretionary abstention in this matter. Plaintiff's claims against the Removing Defendants are primarily or exclusively state law claims originally filed in a state court, where a similar action remains pending against at least one defendant. Further, the bankruptcy court would be unable to conduct a jury trial, necessitating trial by the district court. (Doc. 1 at 13.)

Additionally, many remaining factors also weigh in favor of abstention. Relevant to the first factor and as the bankruptcy judge noted, this action is merely an asset of the estate subject to liquidation and will have "no effect on the administration of the bankruptcy estate." (Doc. 1 at 4.) The issues presented by this case are neither closely related to the bankruptcy case under the sixth factor nor constitute core proceedings under the seventh factor. The twelfth factor also favors abstention because non-debtor defendants remain in the state court suit and have not removed. Considerations of comity

5

in factor thirteen and avoidance of prejudice to other parties in factor fourteen both favor a single trial in a single forum where all claims against all parties relating to this nexus of operative facts can be resolved. Further, a decision by this Court that did not result in abstention would have rather odd consequences. Claims that could be easily litigated in one forum in a single action would be scattered in three cases across two independent judicial systems. The risk of inconsistent outcomes is great, especially considering that Plaintiff has demanded jury trials in all three cases. The other factors of this test are either not applicable or greatly outweighed by the factors discussed in detail above.

## CONCLUSION

Although this action was removed to the bankruptcy court, this Court has assumed jurisdiction in the interests of judicial economy. Based on this Court's conclusion that discretionary abstention pursuant to 28 U.S.C. § 1334(c)(1) is proper, this case is **REMANDED** to the Superior Court of Chatham County, Georgia. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 16th day of June 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA